**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**DOVELL DOUGLAS,**

                 **Plaintiff,**

          - v -

**JOHN D. ASHCROFT, Attorney General**
of the United States; and
**JAMES W. ZIGLAR, Commissioner for**
the Immigration and Naturalization
Service,

                 **Defendants.**
-----------------------------------------------------------x

**ORDER**

**04 CV 1215 (NG)(LB)**

**GERSHON, United States District Judge:**

      Defendants John D. Ashcroft and James W. Ziglar ("defendants") move for summary judgment pursuant to Fed. R. Civ. Proc. 56. *Pro se* plaintiff Dovell Douglas brings this action under 42 U.S.C. § 1983, asserting violations of his civil rights related to his imprisonment and treatment by the Immigration and Naturalization Service ("INS"). My May 25, 2004 Order dismissed plaintiff's due process claims and his claim seeking immediate deportation. Defendants were directed to respond to petitioner's remaining claim—an equal protection claim alleging "a separate and distinct policy for the removing of white aliens, who have been granted parole for deportation purposes, whereby white aliens are taken into the defendants custody within 90 days after being granted parole for deportation purposes." Complaint at 4. Plaintiff relatedly claims that his Eighth Amendment rights have been violated by his continued incarceration. Plaintiff has not responded to defendants' motion for summary judgment; he has filed no legal memorandum or statement in opposition to defendants' Local Rule 56.1

1

statement. Defendants's factual assertions are therefore deemed admitted for the purposes of this motion. *See* E.D.N.Y. Local Rule 56.1(c).

*Background*

Plaintiff, a Jamaican native and citizen, is presently incarcerated at the Arthur Kill Correctional facility. An Immigration Judge ordered his deportation on September 19, 2000, following his New York State conviction for criminal possession of a controlled substance. On August 19, 2003, plaintiff appeared before the parole board and was granted a conditional parole for deportation only ("CPDO"). On March 1, 2003, exclusive responsibility for the execution of removal orders was transferred from the INS and the Justice Department to the Department of Homeland Security. Defendant Ziglar served as INS Commissioner from August 6, 2001 to November 30, 2002.

*Discussion*

Defendants argue that the court must grant summary judgment because plaintiff cannot demonstrate that either of the named defendants were personally involved in the alleged deprivation of plaintiff's constitutional rights. My May 25, 2004 Order construed plaintiff's *pro se* complaint as raising his claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).[1] In order to maintain a *Bivens* action, a plaintiff must allege a violation by a federal official of a clearly established constitutional right for which the federal official does not have immunity. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Federal officials who are not personally involved in an alleged

---

[1] Plaintiff could not have maintained a Section 1983 action against defendants in their official capacities. *See Kingsley v. Bureau of Prisons,* 937 F.2d 26, 30 n. 4 (2d Cir.1991). However, under *Bivens,* a plaintiff can maintain a suit for monetary damages against federal officials sued in their individual capacity.

constitutional deprivation may not be held vicariously liable under *Bivens* for the acts of subordinates. Plaintiff must establish that a reasonable trier of fact could conclude that defendants Ashcroft and Ziglar were personally involved in the alleged constitutional violations in order to defeat summary judgment. As described above, both defendants' roles in the execution of CPDOs terminated prior to the issuance of plaintiff's CPDO, in August of 2004. Plaintiff has produced no evidence or allegations that would support the conclusion that defendants might have been personally involved in spite of the fact that they were no longer professionally affiliated with the government agency that was charged with executing the CPDO. Therefore, he has failed to raise a genuine issue of material fact, and defendants are entitled to summary judgment.

**Conclusion**

For the reasons stated above, defendants' motion for summary judgment is granted. The Clerk of Court is directed to enter judgment for defendants on all of plaintiffs' remaining claims.

**SO ORDERED.**

_____/s/_____
**NINA GERSHON**
**United States District Judge**

**Dated: July 26, 2005**
      **Brooklyn, New York**